IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LINZIE J. LEDBETTER,

    Plaintiff,

vs.

GOOD SAMARITAN MINISTRIES, a project of the Carbondale Interfaith Council, BOBBY ANDERSON, and MICHAEL HEATH,

    Defendant.

Case No.   13-cv-308-DRH-SCW

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

    Before the Court is Plaintiff's Motions fo Sanctions or Contempt of Court Charges (Doc. 24). Plaintiff seeks sanctions against Defendants and Defendants' attorney Shari Rhode as Plaintiff argues that counsel for Defendants lied to this Court on October 17, 2013. Defendants have filed a Response (Doc. 27) to the motion, arguing that they did not mislead the Court. Plaintiff has since filed another Motion for Sanctions (Doc. 28) arguing that Defendants lied to the Court again in their Response to his original motion. Defendants filed a Motion to Strike (Do. 29) Plaintiff's newly filed Motion for Sanctions (Doc. 28), arguing that it was in actuality a Reply brief and that it simply rehashed Plaintiff's original arguments for sanctions.

    On October 17, 2013, the Court held a telephone status conference with the parties. Plaintiff alleges that at that conference, Defendants' counsel indicated that Defendants had not applied to their insurance company for legal fees in the present case. Plaintiff points out that Defendants and Plaintiff are listed as parties in a Complaint filed by First Nonprofit Insurance Company in the First Judicial Circuit in Jackson County, Illinois (Doc. 24 p. 7). The stipulation of

dismissal in that case indicated that Defendants tendered the Complaint in the present case to First Nonprofit Insurance Company in order to seek indemnity and that First Nonprofit denied that the policy provided Defendants with coverage (*Id.* at p. 8). Plaintiff argues that the statement in the stipulation, along with the signatures of Defendants, contradicts attorney Rhode's statement to the Court on October 17, 2013.

Defendants filed a Response in opposition to Plaintiff's motion (Doc. 27). Defendants indicate that they did not apply to their insurance carrier for coverage in this case as they originally inquired of their insurance broker as to whether their policy covered this case, and learned that the termination of Plaintiff predated the policy and thus Defendants were not covered by insurance. Defendants indicate that they did not provide First Nonprofit with a Complaint as indicated in the stipulation of dismissal but that First Nonprofit received the copy from the insurance broker (Doc. 27 Ex. A). First Nonprofit then filed a Complaint for Declaratory Judgment without contacting Defendants or the undersigned and when undersigned learned of the Complaint, she contacted First Nonprofit's counsel and agreed to a dismissal as Defendants understood that the claim in this case was not covered by the policy.

Here, the Court finds that Defendants have not mislead the Court as to whether they sought coverage from their insurance for the present claim. Although the Court acknowledges that the Stipulation filed in state court is somewhat confusing as it does indicated that Defendants tendered First Nonprofit with the present Complaint, the Court accepts Defendants' assertions that this clause was a simple mistake and that they had not sought coverage in this case because they had inquired of their insurance broker and learned that their policy did not cover the current claims. The Court finds nothing misleading in the statements made to the Court by Defendants' counsel on October 17, 2013, nor does the Court find any deceptive practices by counsel in her Response to Plaintiff's motion. Thus, the Court will not sanction Defendants and accordingly **DENIES** Plaintiff's motions for

sanction[1] (Docs. 24 and 28) and **FINDS AS MOOT** Defendants' motion to strike (Doc. 29).

    **IT IS SO ORDERED**.
    DATED: December 6, 2013.

                                                  */s/ Stephen C. Williams*
                                                  STEPHEN C. WILLIAMS
                                                  United States Magistrate Judge

---

[1] The Court notes that Plaintiff's second motion for sanctions posed numerous questions to Defendants' counsel and also directed allegations and arguments to defense counsel, which is improper. All arguments in a motion should be addressed to the Court, not to counsel.