IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LINZIE J. LEDBETTER,**

**Plaintiff,**

**v.**

**GOOD SAMARITAN MINISTRIES-A
PROJECT OF THE CARBONDALE
INTERFAITH COUNCIL, BOBBY
ANDERSON, AND MICHAEL HEATH,**

**Defendant.**                                    Case No. 13-cv-308-DRH-SCW

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

This matter comes before the Court in light of defendants' motion for summary judgment against *pro se* plaintiff Linzie J. Ledbetter (Doc. 31). The Federal Rules of Civil Procedure forbid a district court from acting on a summary judgment motion without giving the nonparty a reasonable opportunity to respond. Fed. R. Civ. P. 56. A motion for summary judgment should not be granted against a *pro se* litigant unless the *pro se* litigant receives clear notice of the need to file affidavits or other responsive materials and of the consequences of not responding. *See Timms v. Frank*, 953 F.2d 281, 284 (7th Cir. 1992). This "notice" should include a short, plain statement of the need to respond to a summary judgment motion, giving both the text of Rule 56(e) and an explanation

of the rule in ordinary English. *Id*. If opposing counsel fails to provide the requisite notice then the district court should do so. *Id*.

Here, the Court must provide plaintiff Ledbetter with the proper notice as defendants have not. Thus, although plaintiff Ledbetter has filed a response to the pending motion for summary judgment (Doc. 36), the Court **DIRECTS** plaintiff Ledbetter to FEDERAL RULE OF CIVIL PROCEDURE 56, particularly Rule 56(e). Rule 56(e) states:

> **(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> **(1)** give an opportunity to properly support or address the fact;
>
> **(2)** consider the fact undisputed for purposes of the motion;
>
> **(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
>
> **(4)** issue any other appropriate order.

Further, the Court **ADVISES** plaintiff Ledbetter that the failure to respond to the evidence presented in support of defendants' motion for summary judgment with evidence of his own may result in the dismissal of his case with prejudice in favor of defendants. Specifically, any factual assertion will be taken as true by the Court unless plaintiff Ledbetter submits his own affidavits or other documentary evidence contradicting the assertion. In other words, plaintiff

Ledbetter cannot merely rely upon the allegations of his complaint to survive the motion for summary judgment.  See *Bryant v. Madigan*, 84 F.3d 246, 248 (7th Cir. 1996).  A copy of Rule 56 of the Federal Rules of Civil Procedure is attached to this Order.

In light of the above notice, The Court **ALLOWS** plaintiff Ledbetter up to and including **March 4, 2014,** to respond to the pending motion for summary judgment with any additional materials he feels are relevant and necessary to the dispute.

**IT IS SO ORDERED.**

Signed this 18th day of February, 2014.

Digitally signed by
David R. Herndon
Date: 2014.02.18
11:44:53 -06'00'

**Chief Judge**
**United States District Court**