IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LINZIE J. LEDBETTER,

       **Plaintiff,**

      **v.**

                                  **No. 13-cv-308-DRH-SCW**

**GOOD SAMARITAN MINISTRIES, a
Project of Interfaith Counsel, BOBBY
ANDERSON and MICHAEL HEATH,**

      **Defendants.**

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

Pending before the Court are two motions *in limine* brought by Plaintiff Linzie J. Ledbetter (Doc. 67). Defendants responded to plaintiff's motions (Doc. 155). Accordingly, the motions *in limine* are ripe for resolution. Based on the following, the Court **GRANTS** both motions.

### 1. Felony Conviction

Plaintiff's first motion *in limine* seeks to preclude defendants from introducing evidence of, or referring to, Ledbetter's prior felony conviction pursuant to FEDERAL RULE OF EVIDENCE 609. Plaintiff Ledbetter was convicted of a felony on July 16, 1991. He argues that FEDERAL RULE OF EVIDENCE 609(b) applies in this case to prevent the defense from introducing Ledbetter's prior conviction during trial.

FEDERAL RULE OF EVIDENCE 609(b) severely limits the use of a prior conviction to impeach a witness if a period of more than ten years has elapsed

since the conviction or the witness's release from any confinement imposed for that conviction. As mentioned above, the rule generally excludes convictions more than ten years old; however, the rule does include an exception that permits a Court to allow use of remote convictions under limited circumstances:

> "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed... *unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.*"

FED.R.EVID. 609(b)(emphasis added).

Defendants argue that they meet the exception set forth in Rule 609(b). Specifically, defendants argue that they do not plan to use Ledbetter's prior conviction to attack his credibility, but instead they intend to use it as part of their defense. Defendants argue that facts surround his conviction are relevant in order to set out a clear picture for the jury of all events that occurred during plaintiff's employment at Good Samaritan. For example, the defendants point out that Good Samaritan's contract with Illinois Department of Human Services (hereinafter "IDHS") prohibited the employment of convicted felons. However, when Defendant Heath took over as Executive Director and learned of this prohibition, he filed a request with IDHS to waive the ban for two convicted felons, one being the plaintiff. Thus, defendants argue that the probative value of the facts of plaintiff's historical employment with Good Samaritan, including facts surrounding his felony conviction, substantially outweighs the possible prejudice to the plaintiff.

*See U.S. v. Mahone*, 537 F.2d 922, 929 (7th Cir. 1976) *cert. denied* 429 U.S. 1025 (1976).

As the Seventh Circuit has previously held, "Rule 609(b) is not an absolute bar to the admission of a prior conviction that is more than ten years old; it is, instead, an asymmetrical balancing test, one that requires the probative value of a prior conviction to *substantially* outweigh the prejudice caused by its admission into evidence." *United States v. Rogers*, 542 F.3d 197, 201 (7th Cir. 2008).

In this case, the plaintiff's felony conviction falls outside of the parameters admissibility per Rule 609(b). However, as noted above, the rule does offer guidance to this Court regarding the balancing test at issue involving prejudice versus probative value as discussed in Rule 403.

FEDERAL RULE OF EVIDENCE 403 dictates that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Even though the Court would likely have discretion to allow its admission under the authority cited by the defendant, the Court finds that the probative value of the prior conviction fails to *substantially* outweigh its prejudice in this case.

Upon balancing the probative value against the prejudicial nature of the prior felony conviction, the Court finds there to be more potential for prejudice to

the plaintiff, than probative value to the defendant in this case. Accordingly, the Court **GRANTS** plaintiff's first motion *in limine*.

### 2. EEOC Dismissal and Notice of Rights Letter

Plaintiff's second motion *in limine* seeks to exclude any evidence of the Equal Employment Opportunity Commission (EEOC) Dismissal and Notice of Rights letter issued to the Plaintiff Ledbetter. Plaintiff asserts that the EEOC did not issue a report of any kind, but simply sent its standard right-to-sue letter (Doc. 67, ¶8). In their response, defendants do not object to plaintiff's second motion *in limine* (Doc 70). Thus, the court treats this motion *in limine* as agreed and **GRANTS** the motion.

**IT IS SO ORDERED.**

Signed this 19th day of October, 2016.

Digitally signed by
Judge David R. Herndon
Date: 2016.10.19
12:19:01 -05'00'

**United States District Judge**