# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

LINZIE J. LEDBETTER,

      **Plaintiff,**

  v.

                              No. 13-cv-308-DRH-SCW

GOOD SAMARITAN MINISTRIES, a
Project of Interfaith Counsel, BOBBY
ANDERSON and MICHAEL HEATH,

      **Defendants.**

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

    This matter comes before the Court on plaintiff's motion for a new trial (Doc. 116). Ledbetter, acting *pro se*, filed this timely motion for a new trial on May 11, 2017. Thereafter, defendants filed a response opposing the motion (Doc. 118), to which plaintiff replied (Doc. 122).

    Ledbetter filed his lawsuit under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e et seq.), 42 U.S.C. § 1981, and the Civil Rights Act of 1991 alleging retaliation arising from his termination from Good Samaritan Ministries on October 20, 2010. His claims were tried to a jury on April 12, 2017, which rendered a verdict in favor of the defendants Michael Heath, Bobby Anderson, and Good Samaritan Ministries. Judgment was entered on April 14, 2017 (Doc. 107).

In the pending motion, Ledbetter alleges that "plaintiff presented enough *prima facie* evidence at trial that the jury should have enter[ed] a verdict in favor of the plaintiff" (Doc. 116). In the memorandum filed in support of his motion, Ledbetter went on to list numerous issues dating back to discovery through issues he believes arose at trial. However, upon review of the record, the Court disagrees.

FEDERAL RULE OF CIVIL PROCEDURE 59(a)(1)(A) allows the Court to grant a new jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." This includes where the verdict is against the manifest weight of the evidence or the trial was unfair to the moving party. *Venson v. Altamirano*, 749 F.3d 641, 657 (7th Cir. 2014); Kapelanski v. Johnson, 390 F.3d 525, 530 (7th Cir. 2004). A verdict is against the manifest weight of the evidence only if, viewing the evidence in favor of the non-moving party, no rational jury could have rendered the verdict. *EEOC v. AutoZone, Inc.*, 809 F.3d 916, 919 (7th Cir. 2016). "A new trial is warranted only if the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." *Plyler v. Whirlpool Corp.*, 751 F.3d 509, 513 (7th Cir. 2014) (internal quotations omitted).

In this case, based on a thorough review of the Court's record and the evidence presented at trial, the Court agrees with defendant and finds that plaintiff's claims have no merit. There is no indication that the jury's verdict

was against the manifest weight of the evidence presented at trial. Accordingly, plaintiff's motion for a new trial (Doc. 116) is **DENIED**.

**IT IS SO ORDERED.**

**Signed this 23rd day of May, 2017.**

Digitally signed by
Judge David R. Herndon
Date: 2017.05.23
14:14:56 -05'00'

**United States District Court Judge**