## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LINZIE J. LEDBETTER,**

        **Plaintiff,**

    **v.**

                                    **No. 13-cv-308-DRH-SCW**

**GOOD SAMARITAN MINISTRIES, a
Project of Interfaith Counsel, BOBBY
ANDERSON and MICHAEL HEATH,**

        **Defendants.**

## <u>MEMORANDUM & ORDER</u>

**HERNDON, District Judge:**

    This matter is before the Court on pro se plaintiff Linzie Ledbetter's motion for leave to appeal *in forma pauperis* (Doc. 127), motion for "expulsion, or expunging a document" (Doc. 128), and motion for transcripts (Doc. 129). For the reasons stated below, the motions are denied.

    Ledbetter filed the underlying lawsuit pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e et seq.), 42 U.S.C. § 1981, and the Civil Rights Act of 1991 alleging retaliation arising from his termination from Good Samaritan Ministries on October 20, 2010. His claims were tried to a jury on April 12, 2017, which rendered a verdict in favor of the defendants Good Samaritan Ministries, Bobby Anderson, and Michael Heath (Doc. 103). Judgement reflecting the same was entered on April 14, 2017 (Doc. 107). On May

11, 2017, Ledbetter filed a motion for new trial (Doc. 116), which the Court denied after finding that Ledbetter's claims alleged in the motion had no merit, and there was no indication that the jury's verdict was against the manifest weight of the evidence presented at trial (Doc. 124). Following the Court's ruling, Ledbetter filed a notice of appeal on June 20, 2017 (Doc. 126). On that same day, he filed the motions at issue.

### 1. Motion for Leave to Appeal in forma pauperis (Doc. 127)

Rule 24 of the Federal Rules of Appellate Procedure provides that a party to an action in federal district court who desires to appeal *in forma pauperis* must first file a motion in the district court requesting leave to appeal without payment of fees and costs. See FED. R. APP. P. 24(a)(1). The motion must be supported by an affidavit that: (1) shows the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal. See *id*. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). As to the good faith requirement, the Court must "find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). That said, a district court is under an obligation "not to apply an inappropriately high standard when making good faith determinations." *Pate v. Stevens*, 163 F.3d 437, 438 (7th Cir. 1998).

In this case, the Court finds the instant appeal is not taken in good faith, as a reasonable person could not suppose that the appeal has some merit.[1] First, Ledbetter fails to state in his motion or his notice of appeal the grounds upon which he is seeking to have the judgment reversed. Even assuming, arguendo, that Ledbetter's motion for new trial and motion for hearing, put this Court on notice of the issues that Ledbetter wishes to appeal, *Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998), the Court cannot say that Ledbetter's motion for leave to appeal *in forma pauperis* is in good faith because Ledbetter's arguments in his motion for new trial and motion for hearing were frivolous.

In Ledbetter's motion for new trial, he alleged that he "presented enough prima facie evidence at trial that the jury should have enter[ed] a verdict in favor of the plaintiff" (Doc. 116). In the memorandum filed in support of his motion, Ledbetter also listed numerous issues dating back to the discovery process, which the Court concluded had no merit, given that the matters were resolved by the magistrate judge well in advance of trial and no objections were raised during trial. Also, Ledbetter challenged the testimony and credibility of witnesses, specifically Bobby Anderson. Once again, no objections were raised during the testimony at trial to that effect and credibility determinations are for the jury. By failing to object, Ledbetter may not raise the issue for the first time in a motion

---

[1] Although this Court has previously granted Ledbetter IFP status, a substantial period of time has passed since that determination was made. The Court granted IFP status to Ledbetter at the time he filed his complaint, which was shortly after he was fired from his employment. Based on his affidavit, he now has another job working for Jackson County Mass Transit and also receives Workers' Compensation payments weekly.

for new trial or on appeal. *Christmas v City of Chicago*, 682 F.3d 632, 640(7th Cir. 2012). Also, an appellate court does not make credibility determinations or weigh the evidence. *Schandelmeier-Bartels v. Chicago Park District*, 634 F.3d 372 (7th Cir. 2011). Thus, Ledbetter's motion for new trial fails to set forth a legal argument that would allow Ledbetter to prevail on appeal.

Furthermore, when ruling on Ledbetter's motion for hearing, the Court found that many of Ledbetter's claims were frivolous, untimely, or moot:

> "Ledbetter raises multiple issues dating back to discovery that warrant a hearing to find Bobby Anderson and Daniel Wilke in contempt. First, many of Ledbetter's allegations in the pending motion address discovery matters. Although plaintiff did seek to compel discovery documents from the defendants, the matter was resolved during a discovery dispute conference before Magistrate Judge Williams (Docs. 33& 34). Thereafter, defendants complied with the Court's order and supplemented their responses to specific interrogatories propounded by plaintiff (Doc 35). Also, the Court denied plaintiff's requests for sanctions or contempt charges (Docs. 24 & 30). More significantly, the Court notes that plaintiff could and should have handled issues with discovery prior to trial. The Court finds these claims to be unpersuasive.

> Next, Ledbetter raises issue with matters that are clearly differences of perception regarding the facts of the case. These particular matters were resolved by the jury upon rendering a verdict in this case. For example, plaintiff's arguments that address inconsistent testimony given by Mr. Anderson go to the weight of his testimony, not its admissibility. Furthermore, plaintiff took no action at trial suggesting that he was surprised, or that undue hardship developed, when the testimony of Good Samaritan Ministries staff members was given. The Court finds these claims to be unpersuasive.

> Finally, Ledbetter's remaining issues are also matters otherwise resolved by the jury verdict in that the jury accepted the defendants' theory of the case opposed to that of the plaintiff, or believed the plaintiff did not, in fact, present a prima facie case. Given that the jury rendered a general verdict, we are not able to determine which

served as the basis for the juror's verdict. Thus, the Court ultimately finds Ledbetter's remaining claims to be unpersuasive."

(Doc. 125). Given that the arguments raised in Ledbetter's motions were frivolous and set forth no legal arguments, and no other grounds for appeal were mentioned, the Court is unable to say that Ledbetter's appeal is in good faith. Therefore, the Court can only determine from the record before it that Ledbetter's appeal is in bad faith, and he has failed to meet the requirements of Fed. R. App. P. 24(a)91). Accordingly, his motion is **DENIED**. Ledbetter shall tender the appellate filing and docketing fee of $505.00 to the Clerk of the Court on or before **July 28, 2017**, or he may reapply to the Seventh Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal.

### 2. Motion for Expulsion (Doc. 128)

Next, Ledbetter filed a motion for expulsion or expunging of the "Letter to Pro Bono Attorney A. Courtney Cox regarding appointment re Linzie J. Ledbetter to case (Doc. 53)" (Doc. 128). Ledbetter argues that he "was never in prison at any time in his life. I do not know how this mistake was made nor do I care how it happened, but the Plaintiff wants this correct immediately. There would be egregious harm and injury to the Plaintiff if this false document was sent to the 7th Circuit Court of Appeals during the Plaintiff's Appeal in the Record on Appeal." (Doc. 128).

Upon review of the record, the February 26, 2015, letter described by Plaintiff Ledbetter is clearly a form letter from the Clerk's Office. Although said letter is mistaken about Ledbetter's status, the letter is part of the record in this case. Most cases wherein the issues surrounding what is described in the letter arise from prison litigation and the mistake, though unfortunate, is understandable. The appellate court personnel are well familiar with the letter and will see it for what it is and Mr. Ledbetter will suffer no harm let alone egregrious harm. Accordingly, his motion for expulsion or expunging the letter is **DENIED.**

### 3. Motion for Transcripts (Doc. 129)

Ledbetter's final motion is one in which he requests the transcripts from his trial for his appeal. 28 U.S.C. § 753(f) states, in part, that "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal *in forma pauperis* shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." Here, Ledbetter fails to satisfy the necessary conditions to obtain copies of the transcripts free of charge. Because the Court certified, when ruling on Ledbetter's motion for leave to appeal *in forma pauperis* (Doc. 127) above, that Ledbetter's appeal is not taken in good faith and does not present a non-frivolous, substantial question, and because the Court does not have verified information regarding petitioner's current financial status, Ledbetter's motion for transcripts is **DENIED.**

## **Conclusion**

Accordingly, Ledbetter's motions for leave to proceed *in forma pauperis* on appeal, motion for expulsion, and motion for transcripts are **DENIED**. Ledbetter shall tender the appellate filing and docketing fee of $505.00 to the Clerk of the Court on or before **July 28, 2017**, or he may reapply to the Seventh Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal. The Clerk is instructed to immediately notify the parties and Seventh Circuit of this Order.

**IT IS SO ORDERED.**

Signed this 28th day of June, 2016.

Digitally signed by
Judge David R.
Herndon
Date: 2017.06.28
15:15:40 -05'00'

**United States District Judge**